## Benjamin E. Hart v. Samuel Carpenter and others.

*Equity pleading and practice: Sworn answer: Affirmative defense.* While an answer called for on oath is to be received as true so far as it is responsive to the averments of the bill, affirmative matters of defense which are thus set up must be proved.

*Foreclosures: Payment to adverse claimant: Evidence: Matters equally within knowledge of deceased.* Where in defense to a foreclosure bill the existence of paramount outstanding titles to a portion of the lands against which the mortgagee had covenanted by warranty deed of the premises to the mortgagor, is set up, and the payment by the mortgagor to an adverse claimant of a sum which the mortgagee consented should be applied on the mortgage, evidence by the mortgagor, after the death of the mortgagee, of admissions by the latter of the defects in his title and of his consent to application on the mortgage of an amount paid by the mortgagor to an adverse claimant, is held inadmissible under the statute (*Comp. L. 1871, § 5968*) as relating to matters which in his lifetime was equally within the knowledge of the mortgagee, and properly disregarded by the court below.

*Foreclosures: Payment to third party: Consent of mortgagee.* The sum thus paid out by the mortgagor having been paid in settlement of a dispute growing out of the cutting of timber by a third party on the mortgaged lands, which settlement left a large amount of timber in the mortgagor's hands ready for working up, and the fact that this was cut without expense to him having been taken into account in the settlement, in the absence of evidence of any understanding with the mortgagee that this payment should be applied on the mortgage, or of any reason which, in law or in morals, should require him to consent thereto, the court will not assume that he so agreed, nor compel the application of such payment on the mortgage.

*Foreclosures: Amount: Defense: Proofs.* The defense that a parcel claimed to have been twice described in the deed of conveyance from the mortgagee to the mortgagor, was twice taken into account in fixing upon the amount of the mortgage, cannot prevail in the absence of proof of the fact.

*Submitted on briefs April 12.        Decided April 24.*

Appeal in Chancery from Lapeer Circuit.

*N. H. Hart* and *W. T. Mitchell*, for complainant.

*W. Hemingway* and *G. C. Wattles*, for defendants.

COOLEY, CH. J:

This is a foreclosure suit, based upon a purchase money mortgage. The bill did not waive an answer on oath, and the mortgagor answered, admitting the mortgage, but setting

up various defenses, the chief of which were, that he received from the mortgagee a warranty deed of the lands, the covenants in which were broken by the existence of paramount outstanding titles to a portion of the land, and that under the advice of the mortgagee he had paid fifteen hundred dollars to one adverse claimant, which should be applied on the mortgage. Also that one parcel of land was twice described in the deed and twice taken into account in computing the amount to be inserted in the mortgage.

The allegations of the answer are not disproved by complainant, and as it was called for on oath, it is claimed by defendant that it must be received as true. This would be so, so far as it is a response to the averments in the bill; but affirmative matters of defense must be proved.— *Schwartz v. Wendell, Wal. Ch., 267; Attorney General v. Oakland County Bank, Ibid., 90; Van Dyke v. Davis, 2 Mich., 144; Hunt v. Thorn, Ibid., 213; Roberts v. Miles, 12 Mich., 297.*

The existence of paramount titles was not proved by the production of any documentary or record evidence, but the mortgagor was made a witness on his own behalf, and gave evidence which it is claimed tended to show admissions by the mortgagee of the defects in his title, and a consent that fifteen hundred dollars, which the mortgagor had paid to an adverse claimant, should be accounted for on the mortgage. This evidence was taken after the death of the mortgagee, and as it related to matters which in his lifetime must have been equally within his knowledge, it was inadmissible under the statute, and was properly disregarded in the court below.—*Comp. L., § 5968; Kimball v. Kimball, 16 Mich., 211; Wright v. Wilson, 17 Mich., 192; Twiss v. George, 33 Mich., 253.* Rejecting this evidence, no part of the defense is found to be established. We are not satisfied that any understanding existed that the fifteen hundred dollars, which was undoubtedly paid by the mortgagor in settlement of a dispute growing out of the cutting of timber by a third party on the mortgaged lands, should be accounted for on the mortgage. The settlement left a

large amount of timber in the mortgagor's hands ready for working up, and the fact that this was cut without expense to him was undoubtedly taken into account by him in negotiating for a settlement.    It is not to be assumed that the mortgagee agreed to allow this sum, until a reason is shown which either in law or in morals would require him to do so.    As to the parcel said to have been twice described in the deed of conveyance, there is no evidence that it was twice taken into account in fixing upon the amount of the mortgage, and therefore the defense on this point must fail.

The decree must be affirmed, with costs, but with such modifications as will allow the defendants ninety days from this day in which to make payment before a sale under the decree shall be advertised.

The other Justices concurred.