LORINDA HARMON v. ROLLIN C. DART.

*Exclusion of Evidence—Comp. L., § 5968.*

A widow sued the surviving member of a firm of lawyers for money collected on certain securities which her husband had left with the firm for collection. The defendant was allowed to testify that by a verbal agreement with the husband, the firm was to keep half the amount collected, and from the remainder take its pay for certain professional services. *Held*, That as this testimony should have been excluded under Comp. L., § 5968, which precludes a party from testifying to facts equally within the knowledge of his deceased opponent, the judgment should be reversed and a new trial ordered.

Error to Ingham. Submitted June 7. Decided June 12.

ASSUMPSIT. The facts are in the opinion.

*Durand & Paine* (on brief) for plaintiff in error.

GRAVES, J. Plaintiff is widow and administratrix of Walter Harmon, who some time before his death left with the law firm of "Dart & Wiley" certain securities for collection. Nothing was collected in his lifetime, but after his death the firm received $965.23. Mr. Dart is the survivor of the firm, Mr. Wiley having died some time since. Mrs. Harmon brought this suit on the common counts to recover the money collected.

. The action was tried before a jury, who returned a verdict in her favor for $45. Being dissatisfied with this result she alleges that the court erred in ruling at the trial, and prays a reversal. The defendant not having appeared at the hearing, we do not know what view he takes of the case. Only two questions appear to be raised. At the trial the defense was that when the securities were left, it was agreed between Mr. Harmon and the firm, that as compensation they should have and retain one-half of the amount they should succeed in collecting. That it was likewise agreed, that for services undertaken to defend Mr. Harmon against a criminal charge which had been brought against him they should be entitled to keep a sufficient amount out of the other half of the collections. And finally that they had paid over on the basis of this arrangement, and in compliance therewith, the whole sum received except what they were entitled to retain as their own.

To substantiate this defense and make out the right to retain as contended for, Mr. Dart was allowed, against specific objection, to testify that when the papers were left a verbal agreement was made between the firm and Mr. Harmon as before stated. The existence of this agreement was indispensable to the claim of the defendant and the case indicates that the matter relied on to make it out was not known to any third party, but was confined to Mr. Harmon and the firm of which defendant is survivor.

The admission of this testimony, it appears to us, was contrary to the regulation forbidding a surviving party to testify in certain cases. Comp. L. 1871, § 5968. *Kimball v. Kimball*, 16 Mich., 211; *Cook v. Stevenson*, 30 Mich., 242; *Mundy v. Foster*, 31 Mich., 313; *Hart v. Carpenter*, 36 Mich., 402.

A further objection is made that the defense was subject to the law of set-off and was not valid under that law. As the defendant has not appeared we shall not discuss the point. Our impression is however, that the question is not one of set-off but of right to retain under a special agreement.

The arrangement seems to have contemplated not a claim by the firm which might be the subject of an action against Mr. Harmon, but an original right to keep and hold as owner.

For the error in admitting testimony, the judgment must be reversed, with costs, and a new trial ordered.

The other Justices concurred.