JAMES DEWEY AND ZIBA DEWEY V. ZEBEL C. DUYER AND ELLEN DUYER.

*Mechanics' liens—Statutory limit to jurisdiction.*

The circuit courts in chancery have no jurisdiction of petitions to enforce mechanics' liens for amounts less than $100.

Appeal from Wayne. Submitted October 23. Decided October 29.

MECHANICS' LIEN. The petition for the enforcement of the lien was dismissed, and the petitioners appealed.

*Horace E. Burt* for petitioners.

*G. X. M. Collier* for respondent.

GRAVES, J. This was a proceeding taken under Comp. L., ch. 215, to enforce a claim for $62.65 in the circuit court as a mechanic's lien. Although the certificate of lien described the supposed debtors as Zebel C. Duyer and Ellen Duyer, and the petition and other papers on the part of complainants so described them, it would seem that their true names were Zebel C. Guyer and Ellen Guyer, and not Duyer. But this is not important now. The circuit judge dismissed the petition for want of jurisdiction and the petitioners appealed.

The ruling was correct. The jurisdiction is statutory and does not depend upon the common-law authority of the court. The statute contemplates that one person by his own act may impose a lien upon the land of another without any writing between them, and that the lien so obtained may be summarily enforced.

Implications in favor of jurisdiction cannot be much indulged. Judicial cognizance of the remedy is assigned to courts of chancery and the purpose of the Legislature to subordinate it to the limits prescribed for the general jurisdiction except as otherwise specially provided or necessarily implied is extremely plain. The amendment made in 1873 is distinct in its utterance on this subject, 1 Sess. L. 1873, p. 119. Chapter 215 before mentioned is silent in regard to the amount necessary to confer jurisdiction. The Legislature have left that matter to the general statute which expressly says that courts of chancery "shall dismiss every suit concerning property (excepting suits between copartners, and suits for the foreclosure of mortgages), where the matter in dispute shall not exceed one hundred dollars, with costs to the defendant." Comp. L., § 5059. The enforcement of these statutory liens is within this provision.

Indeed it would be remarkable if it were competent

for any one claiming a right of lien for the matter of five dollars or other trifling amount to involve the debtor in the heavy costs of a suit in chancery and moreover subject the court to the surrender of its time and attention to an infinity of little claims. It has always been a leading feature of our system to confine original jurisdiction in small cases to inferior courts and to exclude such matters from original cognizance in the higher tribunals. Even in attachment cases the circuit court is not allowed to take jurisdiction unless the amount sworn to be due over and above all legal set-offs exceeds $100. Comp. L., § 6400. The purpose to observe the principle is apparent in the Constitution. But we are not now called on to consider whether that instrument permits the Legislature to extend the jurisdiction of these higher courts to civil cases of this kind where the amount is less than $100. It is sufficient for the present that it has not been attempted.

The decree below must be affirmed with costs.

The other Justices concurred.