EDWARD P. FULLER AND CORNELIA G. FULLER v. CITY OF
GRAND RAPIDS ET AL.

*Payment of taxes—Marshal's fees.*

The jurisdiction of equity, where the title or enjoyment of real estate
is involved, depends on the value of the land and not merely
the amount of the claim asserted against it.

Tax laws are presumed to operate only prospectively unless they
plainly express a different intent.

An amendment to the tax law allowing sale to be made to pay the
marshal's fees will not apply to assessments made before the
passage of the law, unless plainly so intended.

Where a tax payment is expressly made to satisfy a particular
assessment, the collector, if he receives it, must apply the money
to the purpose specified and no other.

Appeal from Superior Court of Grand Rapids.   Sub-
mitted January 28–29.   Decided January 31.

INJUNCTION.   Defendant appeals.

*Stuart & Sweet* for complainants.

*Wm. Wisner Taylor* for defendants.

COOLEY, J.   The bill in this case was filed to enjoin
the sale of real estate in satisfaction of a paving assess-
ment.   The amount for which the city claims a right to
sell is less than one hundred dollars, and it is made a
ground of defense that the amount involved is not suffi-
cient to give the court jurisdiction.   But the jurisdiction,
where the title to or enjoyment of one's real estate is in
question does not depend on the amount of the claim
asserted against it, but upon the value of the land itself.
This we have often decided in unreported cases, and the
principle of the case of *White v. Forbes,* Walk. Ch., 112,
is strictly applicable here.

The assessment made upon the lands of complain-
ants amounted to about the sum of three thousand five

hundred dollars. Complainants paid this amount to the city marshal, and they also paid to him a portion of his collecting fees. The remainder they refused to pay, claiming that they had had an agreement with him that he should receive what they had paid him in full satisfaction. An understanding of some sort on the subject between him and the complainants was admitted by the marshal, but he denied the agreement which they set up, and he refused to receive what was paid to him in full satisfaction. He did not, however, decline to take it, but claiming a right in the absence of specific instructions regarding the application of the moneys, to apply them as he thought proper, he applied them in satisfaction of the assessments on all the parcels of land assessed except one and proceeded to advertise that for the satisfaction of what he still claimed was unpaid.

It was conceded on the argument that under the law in force when the assessment was levied, lands could not be sold for the marshal's fees, but only for the assessment and interest thereon, and that the marshal's sole remedy was to collect his fees while he held the warrant. It is said, however, that the law in that regard was amended before the sale was advertised, so as to permit the sale to be made for the amount of the tax and interest not only, but for the marshal's fees in addition; and it is claimed that the sale must be made under the amended law. It is not claimed, however, that the amended law in terms applies to assessments previously made; and we held in *Clark v. Hall*, 19 Mich., 356, that presumptively tax laws are intended to have a prospective operation only, and the remedies they provide for collection will not be applied to taxes previously laid unless an intent that they shall be is clearly manifested. We have not looked into the statutes having a bearing upon the present case, as it is conceded that the amendatory statute manifests no such plain intent.

Complainants' lands, then, could not be sold for the fees of collection, because fees of collection were only

collectible by the officer in collecting the assessment without sale. The question now is, whether any thing appears to remain unpaid except the marshal's fees. On this question there is no room for controversy. Complainants made payments from time to time without any specific application by either party, but the final payment which was made after the dispute arose between them and the officer, was expressly made to satisfy what they admitted was due; that is to say, to satisfy the assessment and that portion of the officer's fees which they admitted to be payable under the understanding. It was entirely competent for the officer to refuse to receive the payment on these terms, but it was not competent for him to make any different application of the moneys if he retained them.

This consideration renders unimportant the question which was right on the facts, the complainants or the officer, regarding the understanding as to the payment of fees. The officer has received payment of the assessment, and there can now be no sale for fees merely. Still less can there be a sale of particular lots singled out by the officer and returned for the purpose as delinquent, when the assessment on those is as much paid as it is on any of the others.

The decree must be affirmed with costs.

The other Justices concurred.