FREDERICK RUHLIG v. LOUIS WIEGERT.

*Equity practice—Answer—Necessity for proof.*

A sworn answer to a bill in equity is taken to be true where the cause is heard on bill and answer only.

Where there is such a fundamental difference between the facts alleged in a bill in equity and those set up by the answer that the bill and answer alone will not support a decree, the complainant cannot have relief without introducing proofs to sustain his bill.

Appeal from Wayne. Submitted October 11. Decided October 31.

BILL for injunction. Defendant appeals. Reversed.

*William B. Jackson* for complainant.

*William S. Thomas* and *Henry M. Cheever* for defendant.

GRAVES, C. J. The complainant claiming that a natural water-course ran through his land and thence through adjoining premises of defendant and that the latter had dammed it up and caused the water to set back on the land of complainant, filed this bill to enjoin the defendant from making such obstruction. The bill called for an answer on oath and the defendant answered accordingly. No replication was filed; neither were any proofs adduced. But a hearing was had on bill and answer alone. The court decreed a perpetual injunction in accordance with the prayer of the bill and the defendant appealed.

By his bill the complainant charged that there was a natural water-course and that the defendant obstructed it, and he further charged that he brought a suit against the defendant before a justice of the peace to recover damages for such obstruction, which suit after a plea of the general issue was, upon defendant's notice that the title to lands would come in question, regularly transferred to the circuit court and there duly tried before a jury, who found that defend-

ant had unlawfully obstructed said natural water-course as stated in the declaration. He then averred that this verdict and the judgment entered on it were final and conclusive on the parties that the supposed water-course was a natural water-course and that the defendant unlawfully obstructed it. It is needless to specify other parts of the bill. They add nothing to complainant's case in the absence of proof or admissions.

The answer denied expressly that the place in question is a natural water-course and alleged it to be a mere slight natural depression without any signs of banks or of a bed, and dry in all seasons except in winter or spring, when great volumes of water are formed by rains or melting snow and ice, and this statement was followed by explanatory details. The institution of the suit at law was admitted, but not that it was brought to ascertain whether the place in question was a natural water-course. The answer averred on the contrary that the purpose of the case was merely to recover damages for the loss which complainant claimed to have suffered in the injury to his grass and crops through the overflowing of his land; and not to establish that the place in question was in fact a natural water-course, and it was denied that such law case was conclusive on the subject. It is quite unnecessary to quote or mention the other statements in the answer.

Where a cause is set down for hearing on bill and answer alone, the answer is taken to be true in all points. Rule 45; 2 Daniell Ch. Pr. 982; *Brinckerhoff v. Brown* 7 Johns. Ch. 217; *Dale v. M'Evers* 2 Cow. 118; *Mills v. Pittman* 1 Paige 490; *Warren v. Twilley* 10 Md. 39; *Buttrick v. Holden* 13 Met. 356; *Perkins v. Nichols* 11 Allen 542. In the present case the ingredients of the answer are so far opposed to the fundamental facts of the bill as to put complainant to his proof. On the bill and answer alone he established no equity for relief.

The decree must be reversed with costs and the bill dismissed.

The other Justices concurred.