## EDDY HUYCK v. IRA S. BAILEY.

*Equity pleading—Answer as evidence—Injunction—Jurisdiction—Statute of frauds—Estoppel—License.*

1. A sworn answer to a bill in equity is taken to be true in all points where the cause proceeds to a hearing on bill and answer only; citing *Ruhlig v. Wiegert*, 49 Mich. 399.
2. The statute of frauds prevents the passing of title to realty by parol, and this cannot be done any more under the guise of an estoppel, in the absence of fraud, and when the estoppel consists only of an implied assent, than by showing a direct parol contract; citing *Hayes v. Livingston*, 34 Mich. 387; *Wood v. Railroad Co.*, 90 Id. 334.
3. One who contracts with a life-tenant for the purchase of the timber standing on the land, and pays the purchase price, with the full knowledge and acquiescence of the remainder-

| 100 | 223 |
| 111 | 75 |
| 111 | 83 |
| 100 | 223 |
| 119 | 493 |
| 100 | 223 |
| d121 | 183 |
| 100 | 223 |
| f126 | 496 |
| 100 | 223 |
| s58NW1002 | |
| 132 | ⁴518 |

man, will be protected, in so far as his acts in cutting and removing the timber without objection by the remainder-man are involved, upon the theory that the silence of the remainder-man amounted to a parol assent in the nature of a license, revocable at his pleasure.

4. Where a bill is filed to prevent a threatened injury to the freehold, it is the value of the land which fixes the jurisdiction; citing *White v. Forbes*, Walk. Ch. 112; *Fuller v. City of Grand Rapids*, 40 Mich. 395.

5. Where a bill filed by the remainder-man to restrain the cutting and removal of the timber standing on the land by a purchaser from the life-tenant charges that the threatened removal of the timber will damage the estate $350, and the answer asserts the value of the timber to be no more than $25, and, for aught that appears, the timber may have a particular value to the estate, the contention that the pleadings show the amount in controversy to be less than $100, and that for this reason the bill should have been dismissed, cannot be sustained; citing *Blodgett v. Dwight*, 38 Mich. 596.

Appeal from Berrien. (O'Hara, J.) Argued February 16, 1894. Decided May 18, 1894.

Bill to restrain the cutting of timber on complainant's land. Defendant appeals. Decree affirmed. The facts are stated in the opinion.

*Samuel H. Kelley,* for complainant.

*G. M. Valentine,* for defendant.

MONTGOMERY, J. This is an injunction bill to restrain defendant from proceeding to cut saw timber on lands owned by complainant.

The bill alleges, in substance, that the defendant has cut and removed a large amount of timber from the premises, and threatens to continue to do so; that he has already cut a large amount, to wit, of the value of $360, and that by so cutting he has committed waste upon the premises, and irreparable injury thereto, materially lessening the value thereof; that if he is permitted to cut down

the timber and remove the same, and commit waste, the value of the premises will be depreciated to a large amount, to wit, $350; and that the cutting and removal of said timber from said premises have been done without the authority or consent of the complainant.

The answer admits the complainant's title to the land, but alleges that defendant had cut the timber in question by virtue of a contract made with the life-tenant before his death, and that the contract was made with the life-tenant, and payment made thereunder to him by defendant, with the full knowledge and acquiescence of complainant. The answer also alleges that the timber uncut upon the premises, answering the description of the contract, would not exceed in value $25, and impliedly admits that the defendant intends to cut and take away such timber during the winter succeeding the filing of the bill.

The case was heard on bill and answer, no replication having been filed.

The complainant alleges that the statements of this answer by way of avoidance—that is, the statements setting up a contract with the life-tenant, and alleging that complainant is estopped—were not directly responsive to the allegations in the bill, and that as to these matters the answer is not evidence for the defendant. The cases cited to support this contention are cases where an issue was joined upon the answer, and testimony taken. See *Schwarz v. Wendell*, Walk. Ch. 267, and *Hart v. Carpenter*, 36 Mich. 402. But, where the case proceeds to hearing on bill and answer alone, the answer must be taken as true in all points. See *Ruhlig v. Wiegert*, 49 Mich. 399, 400, in which case the authorities are collated. See, also, *Perkins v. Nichols*, 11 Allen, 542, 544, where the rule is stated as follows:

" When no replication is filed by the plaintiff, no issue

100 MICH.—15.

made upon the truth of the defendant's allegations, but the cause is set down for hearing on the bill and answer, then the answer is to be considered as true throughout, in all its allegations, whether responsive or not; otherwise, the defendant would be precluded from proving the allegations which are only defensive."

This leads to a consideration of the question of whether defendant has not a right to the timber, as against complainant. It will be observed that the extent to which the showing made by the answer goes is that the defendant purchased the timber of the life-tenant under such circumstances as would perhaps have estopped the complainant had the property been personalty, but it does not set up any fraudulent concealment of facts by complainant as to the true title. Unfortunately for defendant's contention, the statute of frauds prevents the passing of title to realty by parol, and this cannot be done any more under the guise of an estoppel, in the absence of fraud, and when the estoppel consists only of an implied assent, than by showing a direct parol contract. See *Hayes v. Livingston,* 34 Mich. 387, and *Wood v. Railroad Co.,* 90 Id. 334. An unrescinded parol license may be acted upon, and it is doubtless true that, under the showing in the answer, defendant is protected, in so far as his acts in removing timber without objection by complainant are involved. See *Harlow v. Railroad Co.,* 41 Mich. 336. But the most that can be claimed is that the complainant's silence amounted to a parol assent in the nature of a license, which is revocable at the pleasure of the licensor. The complainant took steps to revoke the license before filing the present bill.

It is contended that the pleadings show the amount in controversy to be less than $100, and that the bill should have been dismissed for this reason. The bill avers that the threatened removal of the timber would damage the

estate $350. The answer asserts the value of the timber to be no more than $25. For aught that appears, the timber may have had a peculiar value to the estate. *Blodgett v. Dwight,* 38 Mich. 596. Moreover, in a case of a threatened injury to the freehold, it is the value of the land which fixes the jurisdiction. *White v. Forbes,* Walk. Ch. 112; *Fuller v. City of Grand Rapids,* 40 Mich. 395.

The decree will be affirmed, with costs.

McGRATH, C. J., GRANT and HOOKER, JJ., concurred. LONG, J., did not sit.