CASPER M. RUMMELL v. NEHEMIAH LAMB AND MERRITT E. LAMB.

*Waters and water-courses—Diversion—Injunction.*

Where a township ditch is dug along a natural depression in the soil, down which the surface water from the adjoining lands has been accustomed to flow, and a flowing well is drained into the ditch, after which a riparian land-owner has living water in the ditch, from which he waters his stock, at all seasons of the year, an upper riparian proprietor will be enjoined from diverting the water from the ditch, and thereby depriving such land-owner of the use of the water; citing *Hilliker v. Coleman*, 73 Mich. 170.

Appeal from Gratiot. (Daboll, J.) Argued April 10 and 11, 1894. Decided May 22, 1894.

Bill to enjoin the diversion of a water-course. Defendants appeal. Decree affirmed. The facts are stated in the opinion.

*Kelly S. Searl,* for complainant.

*B. H. & L. B. Sawyer,* for defendants.

HOOKER, J. A township ditch runs through the lands of both complainant and defendants. The evidence shows that, in a state of nature, the surface water from adjoining land flowed down the course of this ditch, spreading out several rods wide in the valley, and at places forming swamps. Three or more beaver dams are discernible along the route. Some of the land was springy, but the water did not run upon complainant's land during the dry season. During the greater part of the year, however, some water flowed there, and in wet times considerable. Defendants' land was above that of the complainant, and was crossed

by a ridge running parallel with the ditch, leaving about 12 acres south of the ridge and 1 acre south of the ditch. Six or more years ago, one Emmett, who owned land above these parties, opened a flowing well, which he drained into the ditch, after which time the complainant had living water in the ditch, from which he watered stock, at all seasons. The defendants dug a drain from the north towards the township ditch, cutting through the ridge, and laying tle at a depth of from 8 to 12 feet, with the avowed purpose of tapping the township ditch. They assert that the object was to drain the parcel south of the ridge. Complainant, fearing that the water would be diverted from his land, filed the bill in this cause to restrain defendants from doing so.

The main controversy is one of fact, as to whether there was such a water-course as to preclude defendants from removing the water from their premises, through another drain, to the exclusion of complainant's right to have it flow upon his land below. We think the circuit court was right in holding that there was, and that the defendants were properly enjoined from carrying out their project, which we are satisfied was to obtain the water for their own purposes, by depriving complainant of it. The case is ruled by *Hilliker v. Coleman*, 73 Mich. 170.

It is suggested that defendants are willing to "lay an iron pipe, properly cemented, so as not to interfere with the flow of water in the town drain, to the injury of the complainant," but we see no necessity for doing so. We think the town drain adequate to drain defendants' one acre, and we are not disposed to subject complainant to the annoyance of such an apparatus, which might easily get out of order by the action of the weather, and silently and secretly be the means of accomplishing the thing sought to be avoided, which he would have difficulty in detecting or preventing.

The decree of the circuit court will be affirmed, with costs.

The other Justices concurred.