110 414
s68NW 213
132 1518

### MASTENBROOK *v.* ALGER.

1. EQUITY JURISDICTION—ALLEGATION OF DAMAGES.

A court of equity has jurisdiction, at the suit of a lower proprietor, to enjoin an upper proprietor from diverting the waters of a stream, where it appears from the bill that the injuries complained of materially lessen complainant's enjoyment of his property, and that he is remediless at law, although it is not alleged that he is damaged to the amount of $100.

2. WATERCOURSES—MAINTENANCE OF DAM—INJUNCTION.

An upper proprietor on a stream, who has acquired a prescriptive right to maintain a dam for the diversion of water for domestic purposes, should not be enjoined from maintaining such dam because he has used it to divert water for irrigation purposes, in violation of the rights of a lower proprietor, but should merely be restricted in the use of the stream to the limits of his prescriptive right.

Appeal from Kent; Adsit, J. Submitted June 10, 1896. Decided July 28, 1896.

Bill by Jacob Mastenbrook against Frank C. Alger to enjoin the diversion of a watercourse. From a decree for complainant, defendant appeals. Modified and affirmed.

*John M. Mathewson*, for complainant.

*Charles L. Wilson* and *Myron H. Walker*, for defendant.

MOORE, J. Complainant filed a bill, as the lower proprietor of land, alleging that the defendant, who was an upper proprietor, had constructed a dam across a water way which runs through complainant's land, the effect of which was to divert the water from its natural channel onto defendant's land, where it is wholly absorbed, and that none of the water is allowed to come to the land of the complainant. The bill contains no allegation of damages, but it does aver that complainant has no other running water on his farm for his stock; that the stream of water runs near his house and barns, and is of great benefit to him for his natural purposes; that he has the equitable right to have the water flow across and upon his land; that he has suffered damages, and has been deprived of the equitable right to the use of the water by defendant; and that he is remediless at law. The defendant admits that he constructed a dam on his land, but denies that the dam prevents the flow of any water to the lower proprietor, but claims that one-half of it is allowed to flow to the lower proprietor. He claims that his dam is in substantially the same place as was a dam erected in 1852 or 1853, and which had been maintained long enough to give him a prescriptive right to maintain it; that one-half of the stream was diverted by the erection of the dam in 1852 or 1853; and that he now has the right to divert one-half of the waters of said stream, and use them for irrigation or any other purpose.

There was a large amount of testimony taken in the case, and Judge Adsit made a decree in which he found that

the complainant was entitled to have the stream of water flow across his land for domestic purposes and stock, except as said stream may be lessened by the use by defendant of water for domestic purposes and stock. He further found that the volume of water furnished by said stream is barely sufficient to supply the stock of complainant, defendant, and other riparian proprietors along the stream with water for their natural wants and for domestic use, and that there is not a sufficient volume of water so that the defendant can use any part thereof in the irrigation of his land. He found that the defendant had obstructed the flow of water in said stream, and used it for the purpose of irrigation, and that the appropriation of water by the defendant was contrary to the rights of complainant. He made a decree perpetually enjoining the defendant from appropriating any of the water to the purposes of irrigation, and from using the water for any other than ordinary purposes, in supplying the natural wants of the defendant, including the use of the water for domestic purposes in connection with his home and the use of his farm. He also made in the decree a direction that the defendant forthwith remove any and all dams and obstructions made or maintained by him upon his land, interfering with, obstructing, or limiting the flow of said stream upon said lands of complainant. From that decree the defendant appeals.

It is claimed by defendant that, inasmuch as there is no allegation in complainant's bill that he is damaged to the amount of $100, the bill did not confer jurisdiction on the court, and should have been dismissed. We do not think this contention can be sustained. *Rowland* v. *Doty*, Har. Ch. 3; *White* v. *Forbes*, Walk. Ch. 112.

Something more than 500 pages of testimony was taken in the case. It would not be profitable to make an analysis of it here. A careful examination of the testimony shows that the decree of the learned judge was warranted by the facts shown, except in one particular. The record discloses that in 1852 or 1853 a dam

was put across this stream, on the premises of defendant, for the purpose of diverting a portion of the stream to the house and barns occupied by the then proprietor, for the purpose of supplying the natural wants of the proprietor, including the use of the water for domestic purposes and for stock, in connection with his home and farm. This dam was maintained, either at that place or at another, sufficiently long so that a prescriptive right is acquired to maintain it for the purpose of furnishing a supply of water for domestic purposes. The use of the water by defendant for purposes of irrigation is entirely unwarranted. It is not until very recently that an attempt has been made to use the water for that purpose. In view of the fact that this dam was maintained so long for the purpose of conveying water to the house and barns of defendant, which is a great convenience to him, and the effect of removing the dam would do away with that valuable right, and compel the defendant to carry water a long distance, we think the decree ought to be modified in that particular. The defendant should be allowed to have the use of so much of the water in said stream as shall be necessary for ordinary purposes, in supplying his natural wants, including the use of the water for domestic purposes and for stock, in connection with his home and farm, and for no other purpose; and he ought to be allowed to maintain such a dam or obstruction in said stream as would enable him to convey the water to his house and barns in sufficient quantities for said purposes, and for no other purpose. The decree is modified to this extent, and affirmed in all other particulars; complainant to have costs in lower court, neither party to have costs here.

LONG, C. J., MONTGOMERY and HOOKER, JJ., concurred. GRANT, J., did not sit.