116     241
s74NW  474
132   ³518

### WIGHT *v.* ROETHLISBERGER.

1. EQUITY PLEADING—PARTIES—WARDS.
    A bill to restrain the sale of land on execution by one who obtained a judgment as guardian is not demurrable on the ground that the ward is not made a party, where it does not show that the ward is interested.

2. SAME—SUIT AGAINST SHERIFF—OFFICIAL CAPACITY—SUFFICIENCY OF ALLEGATION.
    A bill to restrain the sale of land on execution, which alleges that defendant levied "as sheriff," sufficiently shows that the suit is against the defendant in his official capacity, although he is not described as sheriff in the prayer for relief.

3. SAME—JURISDICTION—AMOUNT INVOLVED.
    The jurisdiction of equity over a suit to enjoin the sale of land on execution depends upon the value of the land, rather than upon the amount of the judgment.

116 MICH.—16.

4. SAME—PRESUMPTION OF VALUE.

The court will assume, in support of the jurisdiction over a bill to restrain the sale of 44 lots located in a thriving and populous city, that they are worth more than $100, in the absence of any allegation of value.

5. SAME.

Whether a bill would lie to restrain the unlawful interference with the owner's enjoyment of property worth less than $100, —quære.

6. SAME—MULTIFARIOUSNESS—RELIEF.

The fact that the statute providing for the maintenance of bills to remove clouds from title does not authorize the assessment of damages in such a suit does not render such a bill multifarious because it embodies a claim for damages, since complainant would be entitled to such relief only as is consistent with the case stated in the bill.

7. SAME—ESTATES BY ENTIRETY—ACTIONS—PARTIES.

A wife is a proper party to a bill to restrain the sale, under an execution directed against her husband, of lands held by them as tenants by the entirety.

8. SAME—TENANTS IN COMMON.

But a tenant in common with them, whose interest is not affected, no levy having been made thereon, is not a necessary party to such a bill.

9. SAME—GENERAL DEMURRER—QUESTION OF FRAUD.

The claim that the husband took title in himself and wife for the purpose of defrauding his creditors cannot be considered on a general demurrer to the bill, where there is nothing upon its face denoting such fraudulent purpose.

Appeal from Kent; Adsit, J. Submitted January 27, 1898. Decided March 15, 1898

Bill by Henry T. Wight and wife against Frederick A. Roethlisberger and Irving Woodworth to enjoin an execution sale. From an order overruling a demurrer to the bill, defendants appeal. Affirmed.

The material averments of the bill are as follows: Complainants are owners in fee, as tenants by the entirety, of 44 lots of land in the city of Grand Rapids. The deed to them was executed August 31, 1895. Defendant Roeth-

lisberger, as guardian, obtained a judgment against complainant Henry T. Wight, caused an execution to be issued out of the circuit court for the county of Kent, and defendant Woodworth, sheriff of said county, by virtue of said execution, levied on said lands. Said lands are held by complainants for the express purpose of sale and exchange. Said levy operates to prevent them from selling or disposing of said lots, was intended to so operate, and has caused them damage to exceed $100. Defendant Roethlisberger refuses to release said levy, and says that he shall in a short time proceed to sell, and has furnished to said sheriff a bond of indemnity, and he refuses to release the levy. Complainants allege on information and belief that Roethlisberger does not intend to file a bill in aid of his execution, but is holding the same thereon for the express purpose of causing damage to them, and to force them to pay the amount of said execution. They fear that Roethlisberger, without filing a bill in chancery in aid of his execution, will proceed to sell said lands. They pray for an injunction to restrain the sale, and for a decree to remove the cloud from their title, and for damages. Defendants demurred. The demurrer was overruled, and they appeal.

*Wolcott & Ward*, for complainants.

*Cutcheon & Swarthout*, for defendants.

GRANT, C. J. (*after stating the facts*). 1. The first ground of the demurrer is that the ward of Roethlisberger is a necessary party. Where the interests of an infant are involved, he must be made a party, and a guardian *ad litem* appointed. It is unnecessary to cite authorities to sustain this proposition. But this bill does not show that the ward is interested. When the judgment roll is introduced, it may show that the ward has such interest as to require the interposition of a guardian *ad litem* to protect his interest. If it should then appear that such appointment is necessary, it will be time for the court to take action.

2. It is urged that the suit is not planted against Woodworth in his official capacity. The bill alleges that he has levied as sheriff, and this is sufficient. The fact that in the prayer for relief he is not described as sheriff does not determine that he is sued individually. All the allegations must be considered.

3. It is next urged that the bill does not show affirmatively that more than $100 is involved. We think it fair to assume that 44 lots in the city of Grand Rapids are worth more than $100. This question must be determined by the value of the lots, and not by the amount of the judgment in the suit at law. *Fuller* v. *City of Grand Rapids*, 40 Mich. 395. Where the jurisdiction depended on the amount of the interest involved, and there was no allegation of the value of such interest, the court refused to dismiss the bill on general demurrer, and said, "We will not assume that a debt to secure which the debtor turned out 1,500 tons of No. 1 iron ore was not over $100." *Glidden* v. *Norvell*, 44 Mich. 206. If, however, the lands were not worth $100, still it does not follow that a bill will not lie to prevent the unlawful interference with the owner's enjoyment. The contrary view seems to have been taken by the court in *White* v. *Forbes*, Walk. Ch. 112. Upon this question we express no opinion at the present stage of the controversy.

4. It is insisted the bill is multifarious, because it prays for the removal of a cloud from title, and for damages. The point is that the right to maintain a bill to remove a cloud from title is statutory, and the statute does not authorize the assessment of damages in such a suit. Complainants, then, have prayed for relief to which they are not entitled. They would be, in that case, entitled to such relief as is consistent with the case stated. *Hammond* v. *Michigan State Bank*, Walk. Ch. 214; *Varick* v. *Smith*, 5 Paige, Ch. 137. See, also, 15 Am. & Eng. Enc. Law, 947.

5. We think that Mrs. Wight is a proper party, and that the tenant in common with complainants is not a

necessary party.   His interest is not affected, and no levy
is made upon it.   There is no injury to the common
estate.

6. Defendants claim that the object of complainant
Wight in taking title to this land in himself and wife was
to defraud his creditors.   There is nothing upon the face
of the bill to show any such purpose.   It does not appear
that Mr. Wight was at that time indebted to defendant
Roethlisberger or his ward, whoever he may be.   Defend-
ants can only take advantage of this by proper suit to es-
tablish the fraud and secure relief.   Whether this can be
done by an answer in this suit is not before us.   We only
hold that there is nothing now before the court to justify
this conclusion.

Decree affirmed, with costs, and case remanded for de-
fendants to plead or answer according to the rules and
practice of the court.

The other Justices concurred.