PEAKE *v.* BRADLEY.

COURTS—JURISDICTION—AMOUNT IN CONTROVERSY—INSOLVENT IN-
SURANCE COMPANY—LIEN FOR ASSESSMENTS—ENFORCEMENT.

   1 How. Stat. § 4258, provides that assessments made by a mutual
     fire-insurance company upon its members shall be a lien on
     the property insured. 2 How. Stat. § 6613, provides that
     circuit courts in chancery shall dismiss every suit concerning
     property, except suits between partners, suits for the enforce-
     ment of mechanics' liens, suits for the foreclosure of me-
     chanics' liens, and suits for the foreclosure of mortgages, where
     the matter in dispute does not exceed $100, with costs to the
     defendant. *Held,* that the court properly dismissed a bill by
     a receiver of an insolvent mutual fire-insurance company to
     declare a lien on insured property, where the amount, in-
     clusive of costs, was less than $100.

Appeal from Ionia; Davis, J.    Submitted June 22, 1899.
Decided September 12, 1899.

Bill by J. Warren Peake, receiver of the Ionia, Eaton
& Barry Farmers' Mutual Fire Insurance Company,
against Robert D. Bradley and wife, to declare a lien upon
real estate.    From a decree dismissing the bill on de-
murrer, complainant appeals.    Affirmed.

*McGarry & Nichols,* for complainant.

*R. A. Hawley,* for defendants.

HOOKER, J.    The complainant is receiver of a mutual
fire-insurance company, and as such receiver made an as-
sessment upon its members, among whom were the defend-
ants, who, as husband and wife, had joined in taking out
two policies of insurance upon property owned by them.
A judgment was obtained by him against them, and ex-
ecution was issued, and returned unsatisfied.    Another
execution was issued, and levied upon the lands in ques-
tion, upon which the property insured was situate.    The
bill of complaint alleges the foregoing facts, and states

further that the complainant claims a lien upon said premises under 1 How. Stat. § 4258. The judgment was for $16.52, with costs, taxed at $21.75; and the descriptions indicate that there were 42 acres of the land. The bill alleges that the complainant is without remedy except in equity, and prays that a lien be declared, and the defendants decreed to pay the judgment and costs, and that in default thereof the premises be sold, etc. The defendants demurred upon several grounds.

Section 6613, 2 How. Stat., provides that:

" Such courts shall dismiss every suit concerning property, excepting suits between copartners, and suits for the enforcement of mechanics' liens, suits for the foreclosure of mechanics' liens, and suits for the foreclosure of mortgages, where the matter in dispute shall not exceed one hundred dollars, with costs to the defendant."

This is such a suit. It is not, as the complainant contends, a case where the jurisdiction is to depend upon the value of the land, as in the cases of *Fuller* v. *City of Grand Rapids*, 40 Mich. 395; *Huyck* v. *Bailey*, 100 Mich. 223; for it is not a bill filed to prevent a threatened injury to property worth more than $100. On the contrary, it seeks to impose a lien upon it of less than $100, and, as it is neither a mechanic's lien nor a mortgage, it is within the prohibition of the statute, unless made an exception to such statute by 1 How. Stat. § 4263. The last-mentioned section authorizes the receiver to sue for assessments in the circuit court in actions of *assumpsit* or debt, but we find nothing to indicate a design to permit the company, if solvent, or the receiver, if it is insolvent, to file bills to enforce such liens in violation of section 6613, if, indeed, such liens could be enforced by proceedings in chancery in any case,—a question upon which we intimate no opinion.

The learned circuit judge sustained the demurrer, and in so doing committed no error. His order is affirmed, with costs.

The other Justices concurred.