## MATTESON *v.* MATTESON.

1. CHANCERY COURTS—JURISDICTION—VALUE OF LAND—AMOUNT OF LIEN.
   In a suit in chancery by the owner of land to protect his land from a claim asserted against it, the value of the land, and not the amount of the claim, determines the jurisdiction of the court.

2. SAME—BILL IN AID OF EXECUTION.
   Where a creditor files a bill in aid of execution, the amount of the execution, and not the value of the land, determines the jurisdiction of the court.

Appeal from Gratiot; Stone, J. Submitted February 20, 1903. (Docket No. 109.) Decided March 23, 1903.

Bill by Isaac H. Matteson against Samuel Elias Matte-

son and others in aid of execution. From an order over-ruling a demurrer to the bill, defendants appeal. Reversed.

*Searl & Kress*, for complainant.

*Charles Snelling* and *Lyon & Moinet*, for defendants.

CARPENTER, J. June 10, 1902, complainant commenced this suit in the court below, averring that on the 12th of February, 1902, he recovered a judgment in justice's court, in regular form, against defendant Samuel Elias Matteson, for $88.96 damages and $7.80 costs; that a transcript of said judgment was duly filed in the circuit court, and an execution issued and levy made on certain described land, which, on January 29, 1902, said Samuel Elias Matteson had fraudulently conveyed to defendant Cyrus Matteson, for the pretended consideration of $450; that the value of said land was upwards of $100; and prayed that the conveyance from said defendant Samuel Elias to defendant Cyrus be set aside, and complainant be permitted to sell said land to satisfy his judgment and costs. Defendants demurred, on the ground that the matter in dispute was not sufficient to confer jurisdiction. From an order overruling said demurrer, defendants appeal to this court.

The law by which this controversy is to be determined is contained in 1 Comp. Laws, § 435, and is as follows :

"Such courts shall dismiss every suit concerning property, excepting suits between copartners and suits for the enforcement of mechanics' liens, suits for the foreclosure of mechanics' liens, and suits for the foreclosure of mortgages, where the matter in dispute shall not exceed $100, with costs to the defendant."

It is insisted by complainant that the jurisdiction depends upon the value of the land. Defendants insist that it depends upon the value of the claim asserted by the complainant.

This court has decided that, where the complainant institutes a suit for the purpose of protecting his land from a lien asserted against it, the value of the land, and not the amount of the asserted claim, determines the jurisdic-

tion of the court. *White* v. *Forbes*, Walk. Ch. 112; *Fuller* v. *City of Grand Rapids*, 40 Mich. 395; *Wight* v. *Roethlisberger*, 116 Mich. 241 (74 N. W. 474); *Mastenbrook* v. *Alger*, 110 Mich. 414 (68 N. W. 213); *Huyck* v. *Bailey*, 100 Mich. 223 (58 N. W. 1002); *Dodge* v. *Van Buren Circuit Judge*, 118 Mich. 189 (76 N. W. 315). On the other hand, it is equally well settled that, where the complainant is seeking to enforce a lien not within any exception to this statute, the amount of the claim asserted, and not the value of the land, determines the jurisdiction. *Dewey* v. *Duyer*, 39 Mich. 509; *Peake* v. *Bradley*, 121 Mich. 182 (79 N. W. 1108). In other words, the matter in dispute is determined by the claim asserted in the suit. If the complainant asserts that valuable property is in danger of being lost, the value of that property determines the jurisdiction. If the claim asserted is a lien against that property, and a suit is brought to collect that claim, its value determines the jurisdiction.

It results, therefore, that the order overruling the demurrer must be reversed, and complainant's bill dismissed, with costs of both courts.

The other Justices concurred.