CHARLES T. WILDER, ASSESSOR AND COLLECTOR OF TAXES IN AND FOR THE FIRST TAXATION DIVISION OF THE TERRITORY OF HAWAII *v.* W. T. LUCAS.

Submission Upon Agreed Statement of Facts.

Argued February 11, 1909.                    Decided February 15, 1909.

Hartwell, C.J., Wilder and Ballou, JJ.

Taxation—*statutes—tax liens.*

> S. L. 1905, Act 89, Sec. 16 does not extend the duration of tax liens which had attached prior to the date that the act took effect.

OPINION OF THE COURT BY BALLOU, J.

This is a submission upon an agreed statement of facts from which it appears that the defendant in December, 1908, became the purchaser at foreclosure sale of real estate mortgaged in 1898, upon which the taxes for the year 1905 are still unpaid. The plaintiff contends that the property is subject to a lien for the taxes for that year superior to the prior mortgage, and the following questions are submitted for decision:

"1. Do the provisions of Section 16 of Act 89 of the Session Laws of 1905, amending Section 1266 of the Revised Laws of Hawaii (1905), operate to extend the term of the lien of taxes for the year 1905 from the term of two years to five years?"

"2. If the previous question be answered in the affirmative: Do the provisions of said Section 1266, as so amended, operate to make the lien of said taxes so assessed upon said property for the year 1905, prior or superior to the lien of said mortgage; or, was such tax lien divested by said foreclosure?"

R. L. Sec. 1266, in force during the year 1905, reads as follows:

"Every tax due upon property shall be a lien upon the property assessed; and every tax due upon improvements upon real property assessed to others than the owner of the real property, shall be a lien upon the improvements; which several liens shall attach as of September 1 in each assessment year, and shall continue for two years."

This section was amended by S. L. 1905, Act 89, Sec. 16, to read as follows, the entire amending act taking effect January 1, 1906:

"Section 16. Section 1266 of the Revised Laws of Hawaii is hereby amended so as to read as follows:

"Section 1266. Tax Liens. Every tax due upon property shall be a prior lien upon the property assessed; and every tax due upon improvements upon real property assessed to others than the owners of the real property, shall also be a prior lien upon the improvements; which several liens shall attach as of January 31 in each assessment year, and shall continue for five years.

"Said liens may be enforced and foreclosed upon the petition of the tax assessor to the circuit judge at chambers in the judicial circuit in which said property lies or is held, and jurisdiction is hereby conferred upon said circuit judges at chambers to hear and determine all proceedings brought or instituted to enforce and foreclose such tax liens, and the proceedings had before said circuit judge at chambers shall be conducted in the same manner and form as ordinary foreclosure proceedings.

"For the purpose of foreclosing and enforcing any tax lien under this section, every tax has the effect of a judgment against the person and every lien created by said section has the force and effect of an execution duly levied against the property of the delinquent returned unsatisfied."

Wilder v. Lucas, 19 Haw. 350.

While it is true, as contended by plaintiff, that the amending act does not impair liens already existing, it does not necessarily follow that such liens are thereby extended from two to five years. There is nothing in the language of the statute to indicate such intent. The lien for the taxes of 1905 attached September 1, 1905, and continued for two years; the lien for the taxes of 1906 attached January 31, 1906, and continues for five years. Statutes providing additional remedies for the collection of taxes will not be applied to taxes previously laid unless such intent is manifest. *Fuller v. Grand Rapids,* 40 Mich. 395.

The first question is answered in the negative, and consideration of the second question becomes unnecessary.

*E. W. Sutton, Deputy Attorney General,* for plaintiff.

*L. J. Warren (Smith & Lewis* on the brief) for defendant.