SOULE v. CITY OF GRAND HAVEN.

EQUITY—JURISDICTION—VALUE OF PROPERTY—TAXATION.

Complainant's bill, praying to have a tax lien for special improvements assessed against his property and land of another, as one parcel, removed, after payment by complainant of his due proportion of the tax, was not subject to the objection that the amount involved in the tax was less than $100; the land being worth more than $100, equity had jurisdiction.

Appeal from Ottawa; Cross, J. Submitted January 16, 1913. (Docket No. 129.) Decided March 20, 1913.

Bill by Charles E. Soule against the city of Grand Haven for the vacation of a tax lien for a special assessment. From a decree for defendant dismissing the bill, complainant appeals. Reversed.

*Charles E. Soule, in pro. per. (C. Edward Soule, of counsel), for appellant.*

*Daniel F. Pagelsen, for appellee.*

BROOKE, J. Complainant files his bill for the purpose of having certain real estate owned by him relieved from a portion of a special assessment tax alleged by him to be

unlawful and excessive.   He is the owner of the south half of lot 262, assessed on the last ward tax roll at $650.   He also owns the north half of lot 263, assessed upon the last ward tax roll at $500.   These two descriptions, which, in the year 1910, when the last preceding ward tax roll was made, were owned by two different people, lie side by side, fronting on Third street, for the paving of which a special assessment was levied.   The special tax roll prepared by the assessors and approved by the common council assessed the two parcels as one, and fixed the amount to be paid by complainant at the sum of $299.64.   Complainant appeared personally before the board of review, and requested that the lots be assessed separately.   This being refused, he paid $149.82, being the assessed cost of the improvement at $4.54 per lineal foot for 33 feet, the south half of lot 262, and the further sum of $125, being 25 per cent. of the assessed valuation upon the north half of lot 263. Complainant later petitioned the common council to vacate its claimed lien for the balance of $24.82 against both parcels.   The prayer of this petition was not granted, and complainant thereupon filed his bill of complaint.   A decree was entered dismissing the bill upon the sole ground that, the sum involved being but $24.82, a court of equity was without jurisdiction in the premises.

We have held in many cases that the value of the land to be affected by the lien, and not the amount of the claim asserted, determines the jurisdiction of the court.   *Matteson* v. *Matteson,* 132 Mich. 516 (93 N. W. 1079), and cases cited; *Wilcke* v. *Duross,* 144 Mich. 243 (107 N. W. 907, 115 Am. St. Rep. 394).   Reference is made to the decision in *Van Zanten* v. *City of Grand Haven, post,* 282 (140 N. W. 471).

The decree is reversed, and a decree will be entered in this court granting the relief prayed.   Complainant will recover costs of both courts.

STEERE, C. J., and MOORE, MCALVAY, KUHN, STONE, OSTRANDER, and BIRD, JJ., concurred.