### SUFFROUW v. BREWER.

1. WATERS AND WATERCOURSES—PRESCRIPTION—USER.

   A prescriptive right to the flow of water can be acquired by 20 years of user.

2. SAME—PRESCRIPTION—DIVERSION OF WATER—INJUNCTION.

   On a bill to enjoin defendants from diverting water in a stream from plaintiffs' land, evidence *held*, to justify the conclusion of the court below that plaintiffs were entitled to one-half the water in the stream, it having been so divided for more than 40 years.

Appeal from Kent; Barton, J., presiding. Submitted October 23, 1918. (Docket No. 59.) Decided December 27, 1918.

Bill by Fred Suffrouw and others against Joseph Brewer and others to enjoin the diversion of water from plaintiffs' farms. From a decree for plaintiffs, defendants appeal. Affirmed.

*Hatch, McAllister & Raymond,* for plaintiffs.

*Norris, McPherson, Harrington & Waer,* for defendants.

KUHN, J. This is an appeal from a decree of the circuit court for Kent county, in chancery. The plaintiffs owned farms on section 14, Plainfield township, which lie north of the east and west highway and parallel to and adjoining each other. The defendant John P. Weller owned 40 acres immediately east of and adjoining the farm of the plaintiff Fred Suffrouw. The defendant Augusta H. Brewer owned land directly south of the John P. Weller farm. The dispute between the parties arises from the flow of a certain stream of water across their land. In its natural

See notes in 59 L. R. A. 79, 838.

state this stream had its source in the western part of section 13, Plainfield township, and flowed southwesterly into the east half of the southeast quarter of section 14, now owned by the defendant Weller, where it overflowed into a swamp or pond, from which it flowed southerly and southwesterly across the west half of the west half of section 24 and emptied into the Grand River. Upwards of 50 years ago, the exact date not being shown by the evidence, the course of this stream was changed by the digging of artificial canals. A channel was dug carrying the stream in a westerly direction across the lands now owned by the defendant Weller and about 15 rods east of the Suffrouw land, and on the Weller farm there was a divide established in the creek, and it is the claim of the plaintiffs that one-half of the water was turned directly to the south and the other half of the water ran through the west branch of the creek, across the plaintiffs' lands, on through to the river Rogue, and it is the claim of the plaintiffs that this condition existed for upwards of 50 years, the creek being fed and supplied by springs, the west branch running across the plaintiffs' land continuously the year around, conveying and carrying large quantities of pure live spring water, amply sufficient to supply their live stock and for all other farm purposes.

On October 12, 1915, the defendant Joseph Brewer, acting for his wife, the defendant Augusta H. Brewer, with the consent of the defendant Weller, had constructed in this stream, at the point of the divide, a cement basin with a two-inch pipe leading into the west branch and so arranged that, unless obstructed, this pipe would empty its full capacity of water into the west branch. The basin was arranged with a concave apron leading into the south branch so that the balance of the water would flow through the south branch. It is the claim of the defendants that they

are entitled to the full flow of the stream, but that they placed this pipe in the dam, not in any recognition of the rights of the plaintiffs, but as a courtesy to a neighbor. This bill is filed to enjoin the defendants from maintaining the cement basin or dam and from diverting more than one-half of the flow of the stream into the south branch.

After hearing all the testimony, the trial judge came to a conclusion as follows:

"From the testimony of 10, or perhaps 11 witnesses, there being about 13 witnesses sworn in the case, the court is satisfied that by a preponderance of the evidence it is established that the waters of this stream have, for a period of 40 years, or perhaps more, been divided upon the premises of the said Weller at the location where the divide now exists, about equally, the natural flow of the water going about one-half in a westerly direction and the other half south and across the premises of the said Augusta Brewer; and from the evidence it is clearly established by a preponderance of the evidence and more, by the great weight of the evidence, that this use of the water and the manner in which it has been so divided, has been so divided for 40 years or more."

That a prescriptive right to the flow of water can be acquired by 20 years of user, is definitely established in this State. *Stock* v. *City of Hillsdale,* 155 Mich. 375; *Chapel* v. *Smith,* 80 Mich. 112; *Conklin* v. *Boyd,* 46 Mich. 56; *Gregory* v. *Bush,* 64 Mich. 37 (8 Am. St. Rep. 797). A careful reading of this record has satisfied us that the circuit judge was fully justified in coming to the conclusion that he did, that by the clear preponderance of the evidence it was established that for a long period of years, more than 40, this water has been divided at the point where the divide now occurs on the Weller farm, and that it did run, according to the great weight of the evidence, one-half through the west branch and the remainder

through the south branch. There is some testimony in the record which shows that before the construction of the cement dam which diverted a large part of the water which originally went through the west branch, into the south branch, there were certain old plank dams which had been placed in both branches of the stream, and it is contended that an actual examination of these plank dams showed, from the way in which they were placed and the notches cut in them, that a larger amount of water was diverted through the south channel than through the west channel, and it is urged that the court overlooked the positive physical evidence given by these old plank dams in making his determination as to how the water should be divided. It does not, however, satisfactorily appear how long the wooden planks were in the stream and for what purpose they were placed there, and the weight of evidence seems to conclusively show that from personal observation that the witnesses made of the water in question over this long period of years, it actually flowed one-half through the west branch and the other half through the south branch.

It would not be profitable to here review the evidence in detail, and it is sufficient to say that upon the record as here made, we are satisfied that the trial judge reached a just and equitable conclusion in dividing the water one-half to each stream and granting the plaintiffs the relief they prayed for. See *Hilliker* v. *Coleman*, 73 Mich. 170; *Rummell* v. *Lamb*, 100 Mich. 424; *Mastenbrook* v. *Alger*, 110 Mich. 414.

The decree is affirmed, with costs to the plaintiffs.

OSTRANDER, C. J., and BIRD, MOORE, STEERE, BROOKE, FELLOWS, and STONE, JJ., concurred.